MATTHEW P. LEWIS (State Bar No. 155516)
JONATHAN A. ALON (State Bar No. 265102)
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA 90071-2007
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: mlewis@whitecase.com
Email: jalon@whitecase.com

Attorneys for Plaintiff and Counter-defendant
GURU DENIM, INC.

FILED
CLERK, U.S. DISTRICT COURT
JUL - 9 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURU DENIM, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARE INC., a Japanese corporation,<br><br>Defendant. | Case No. CV11-06783 GW (FMOx)<br><br>**ORDER** ⟨ PROTECTIVE<br><br>**NOTE CHANGES MADE BY THE COURT** |
| ARE INC., a Japanese corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>GURU DENIM, INC., a California Corporation,<br><br>Counter-Defendant. | Trial Date: December 3, 2012<br>Time: 9:00 a.m.<br>Dept. 10<br>Judge: Honorable George H. Wu<br><br>[Complaint Filed: August 17, 2011] |

/WHEREAS, discovery in this action may involve disclosure of confidential, private, proprietary, trade secret, technical, business, personal and financial information not publicly known that could be used by competitors and/or damaging to one or both parties if made a public record, which information is further described and limited in paragraph 2.3 below;

1  WHEREAS, the parties to this action Plaintiff and Counter-defendant Guru
2  Denim, Inc. ("Guru") and Defendant and Counterclaimant ARE Inc. ("ARE")
3  (collectively the "Parties") have agreed to be bound by the terms of this Stipulation
4  for Protective Order, and the Order thereon ("Order"), and have agreed that the
5  terms and conditions of this Order shall govern the handling of documents, answers
6  to interrogatories, depositions, pleadings, exhibits and other information, regardless
7  of the form in which it is stored and/or exchanged by the Parties in this action.

8  WHEREAS, this Order does not affect any rights and obligations any Party
9  may have regarding the use of information or documents it possesses independently
10 of such production, any Party's contractual right to obtain and use any information
11 or documents from another Party, or any contractual right a Party may have to
12 obtain and use any information or documents from another Party.

**GOOD CAUSE STATEMENT**

This case involves allegations of breach of contract related to the production, distribution, and sale of high-end designer clothing. The Parties seek to protect documents produced in discovery that may include information regarding the Parties' respective trade secrets and confidential financial information including financial statements, bank records, tax returns, customer lists, sales reports, sources of materials and labor, costing information, pricing information, invoices, pro forma invoices, purchase orders, contracts with suppliers, contracts with customers, product drawings, and market research. The public does not have a right to obtain information regarding the Parties' trade secrets and confidential financial information and the potential harm to the Parties in having the same disclosed is great. Without limitation, competitors could potentially utilize the information that the Parties seek to protect to compete against the Parties to the Parties' financial detriment.

IT IS HEREBY STIPULATED that the terms of the protective order shall be as follows:

**APPLICABILITY**

1.  This Order shall be applicable to and govern all depositions, documents produced by the Parties, documents produced by third parties pursuant to subpoena, answers to interrogatories, responses to requests for admissions and all other discovery taken, as well as other information which the disclosing Party designates as Protected Information, defined herein below, hereafter furnished, directly or indirectly, by or on behalf of any Party in connection with this action.

**DEFINITIONS**

2.1  Party or Parties: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2  Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  Protectable Information: confidential, private, proprietary, trade secret, technical, business, personal and financial information not publicly known that could be used by competitors and/or damaging to one or both Parties if made a public record, including financial statements, bank records, tax returns, customer lists, sales reports, sources of materials and labor, costing information, pricing information, invoices, pro forma invoices, purchase orders, contracts with suppliers, contracts with customers, product drawings, and market research. Any designation of materials as Protectable Information must be narrowly tailored and must not be overbroad. A "trade secret" as used herein can only include, pursuant to Ca. Civil Code § 3426.1, "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the

subject of efforts that are reasonable under the circumstances to maintain its secrecy."

2.4 "Confidential" Information or Items: Protectable Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

2.5 "Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential" Information or Items whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.6 Protected Information: Protectable Information that any Party has designated as "Confidential" or "Attorneys' Eyes Only."

2.7 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.8 Producing Party: a Party or non-party that produces Disclosures or Discovery Material in this action.

2.9 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Attorneys' Eyes Only."

2.10 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    2.10.1 Outside Counsel for Guru shall consist of:
        White & Case LLP

    2.10.2 Outside Counsel for ARE shall consist of:
        Law Offices of Stephen S. Talt

    2.10.3 A Party may add any new counsel retained to advise on issues related to this action to the lists in paragraphs 2.10.1 and 2.10.2 by providing at least ten (10) days notice of the addition by fax or email with delivery confirmation to all

          other Parties such that said other Parties may consider and object to, as the case may be, any conflicts of interest.

    2.11   House Counsel: attorneys who are employees of a Party.

    2.12   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

    2.13   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    2.14   Professional Vendors: persons or entities that provide litigation support services (e.g., reporting, transcribing, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## DESIGNATION OF PROTECTABLE INFORMATION

    3.   For the purposes of this Order, the actions of a Party's counsel of record shall be deemed to be the actions of that Party. For purposes of this Order, "this Action" means the above-captioned case and such other proceedings not within the jurisdiction of this Court as to which the Parties may separately agree in writing.

    4.   In designating Disclosure or Discovery Material as "Confidential," a Designating Party shall make such a designation only as to material which the Designating Party's attorney believes in good faith to be properly subject to a protective order under the relevant provisions of the Federal Rules of Civil Procedure or other applicable law. However specific material already disseminated

or otherwise generally available to persons not connected with the businesses of any Designating Party shall not be designated as Protected Information.

5. In designating Disclosure or Discovery Material as "Attorneys' Eyes Only," a Designating Party shall make such a designation only as to material which that Designating Party's attorney believes in good faith to be of extraordinary competitive sensitivity, such that the business principals of another Party should not be given access to such information.

6. A Designating Party's authority to designate Disclosure or Discovery Material as "Confidential" or "Attorneys Eyes Only" is not limited to information in that Designating Party's possession, custody or control. Any writing or document produced, interrogatory answer or response to request for admission ("written discovery response"), now or hereafter pending, which contains or discloses any Protectable Information, may be designated as Protected Information by any Party.

7. All written discovery responses designated as Protected Information shall be marked with either the notation "Confidential" or the notation "Attorneys' Eyes Only." Such designation shall be made by conspicuously placing the "Confidential" or "Attorneys' Eyes Only" mark on the cover and each page of the written discovery response on which Protected Information appears.

8. Documents that contain Protectable Information and are designated as Protected Information and that are produced in response to a document request or subpoena shall be marked with either the notation "Confidential" or the notation "Attorneys' Eyes Only." Such designation shall be made by conspicuously placing the "Confidential" or "Attorneys' Eyes Only" mark on the cover and each page of the written discovery. If documents are produced in a form which is not easily marked (such as production of native files on cd, dvd, etc.), the production shall be marked conspicuously on the physical media embodying the production so as to put the receiving party on notice of the claim to protection.

9.  The Parties shall maintain records sufficient to establish which documents have been designated as Protected Information pursuant to this order. (the purpose of this requirement is to avoid confusion regarding documents that may have been previously marked as confidential but which are not so designated in this Action.) Such records shall be provided as requested by any party from time to time.

**PROTECTABLE INFORMATION IN DEPOSITIONS**

10.  If any Protectable Information is the subject of inquiry at a deposition, the portion of the original of the transcript which sets forth or contains information may be designated as Protected Information and the Protected Information shall be sealed and held by the court reporter and shall not be filed except pursuant to paragraph 21 of this order.

   a.  In the case of deposition testimony or Protectable Information attached as an Exhibit to a deposition, counsel may make the designation of "Confidential" or "Attorneys' Eyes Only" on the record.

   b.  Alternately, at the time of deposition, counsel may reserve the right to designate any portion of the deposition transcript, including any Exhibit attached thereto, as Protected Information if counsel has a good faith belief that the deposition transcript may contain Protectable Information. If counsel reserves the right to designate a portion of the deposition transcript, or any Exhibit attached thereto, as Protected Information, the deposition transcript in its entirety will be treated as "Attorneys' Eyes Only" for a period of fourteen (14) days following the receipt of the deposition transcript.

   c.  Where the designation of Protected Information is not made at the time of the deposition as provided in paragraph 10(a) above, the Designating Party shall list on a separate piece of paper the numbers of pages of the transcript containing Protected Information, and mail copies of the list to all counsel of

1 record, as well as the court reporter, so that it may be affixed to the face of the
2 transcript and each copy thereof.
3    d. If no designation or reservation is made at the deposition as
4 provided herein, then no portion of the deposition transcript will be treated as
5 containing Protected Information and it may be immediately distributed or filed as
6 appropriate. If no designation of Protected Information is made within fourteen
7 (14) days following the receipt of the deposition transcript when a reservation was
8 made as provided in Paragraph 10(b), no portion of the deposition transcript will be
9 treated as Protected Information thereafter. Provided that counsel for the Parties
10 may agree upon an extension of the fourteen day period to make the designation as
11 appropriate.

## PROTECTABLE INFORMATION SUBPOENAED FROM THIRD PARTIES

14   11. If documents are produced pursuant to any third party subpoena, all
15 such documents, in their entirety, and any information contained therein, will be
16 treated as Protected Information designated as "Attorneys' Eyes Only" for seven (7)
17 days after receipt of the same by all Parties in the Action. A party that receives
18 documents pursuant to a third party subpoena, and has reason to believe that any
19 other party has not received the documents produced pursuant to the third party
20 subpoena, has an obligation to give notice to all other Parties that have not received
21 the documents produced so that they may obtain the same, if they so choose.
22    a. If, within seven (7) days after the production of any document
23 produced in response to a third party subpoena, any Party reserves the right to
24 designate any document produced therein as Protected Information, the document
25 or information produced will be treated as "Attorneys' Eyes Only" for an additional
26 fourteen (14) days in order to allow such person to designate information therein as
27 Protected Information. If no designation of Protected Information is made within
28

LOS ANGELES 947720 v2 (2K)                   [PROPOSED] PROTECTIVE ORDER

the fourteen (14) days following the transmission of the letter, no portion of the subpoenaed documents will be treated as Protected Information.

      b.    Designation of the Protectable Information as "Confidential" or "Attorneys' Eyes Only" may be made by giving written notice to all counsel of record of the designation by giving the page number of the subpoenaed documents, or sufficiently describing the page to be designated and by indicating whether the page is to be designated as "Confidential" or "Attorneys' Eyes Only." Thereafter, all counsel must mark any copies of said documents with the appropriate designations as provided in paragraph 8 above, and destroy any unmarked copies of such documents. Provided that, if the Designating Party designates more than seventy five (75) pages of documents per subpoenaed file, then any other party may demand that the Designating Party affix the "Confidential" or "Attorney's Eyes Only" label on the designated pages and provide marked copies for all parties.

## USE OF PROTECTED INFORMATION

12.    Any document, written discovery response, deposition transcript, testimony or other information designated as containing Protected Information, and all information derived therefrom, shall be used solely for the purpose of this Action, and not for any business or other purpose whatsoever. Such document, written discovery response, deposition transcript, testimony or Protected Information shall not be disclosed to anyone except as provided in this order. Nothing contained in this order shall affect the rights of a party to use or disclose material that only that party has designated as Protected Information.

## DISCLOSURE OF PROTECTED INFORMATION

13.    For purposes of this order, disclosure of Protected Information shall mean and include any communication (whether by direct presentation, summary or otherwise) of the contents of the Protected Information or information derived from the Protected Information.

14. Protected information, if designated "attorneys' eyes only," shall be disclosed only to:

  a. Outside Counsel for the named Parties, who shall limit access to such documents to themselves, their employees and similar personnel, and others as permitted by this Order;

  b. Experts or consultants retained or sought to be retained by such counsel to assist in preparation of this Action for trial, arbitration, related proceedings, or settlement, with disclosure only to the extent necessary to perform such work, provided such persons agree in writing to be bound by the terms of this Order by signing the Acknowledgement attached hereto as <u>Exhibit A</u>.

  c. The persons who are authors or addressees, or have been shown by either testimony or documentary evidence to have been readers of the Protected Information prior to the commencement of this Action;

  d. Court reporters, their staffs, and other Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment attached hereto as <u>Exhibit A</u>;

  e. The arbitrator/mediator/discovery referee in this Action, if any, and employees and similar personnel of said arbitrator/mediator/discovery referee; and

  f. The Court and its personnel, subject to the provisions of Paragraph 21 herein regarding the filing of Protected Information.

15. No disclosure of "Attorneys' Eyes Only" receiving party. Notwithstanding the foregoing, outside counsel may, without disclosing any particular information or details, provide a general summary of "Attorneys' Eyes Only" to up to two (2) corporate officers where necessary for purposes of settlement discussions. For example, a general summary of sales revenue may be provided where necessary to discuss settlement negotiations, but specific information regardless the exact amount of product sold, customers and prices, may

Case 2:11-cv-06783-GW-FMO   Document 34   Filed 07/09/12   Page 11 of 17   Page ID #:371

not be provided to the receiving party's two client representatives. Any general summary provided to the designated corporate officer(s) shall be treated as Protected Information.

16. Protected information, if designated "confidential," shall be available only to:

    a. The persons having access to materials designated "Attorneys' Eyes Only" described in Paragraph 14;

    b. The Parties and their current officers, directors, and employees (including House Counsel) deemed necessary by counsel to aid in the prosecution, defense, or settlement of this Action, provided such persons agree in writing to be bound by the terms of this Order by executing the Acknowledgment attached hereto as <u>Exhibit A</u>; and

    c. Any deposition/arbitration/trial witnesses as necessary in connection with this Action, provided such persons agree in writing to be bound by the terms of this Order by executing the Acknowledgment attached hereto as <u>Exhibit A</u>.

17. The disclosing counsel shall provide each person identified under paragraphs 14(b), 14(d), 16(b) and 16(c) with a copy of this order and obtain such person's written agreement to be bound by the terms of this order in the form of the acknowledgment attached hereto as exhibit A, a copy of which shall be provided forthwith to counsel for each party.

**PROTECTED INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

18. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Attorneys' Eyes Only" the receiving party must so notify the designating party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the

- 11 -

LOSANGELES 947720 v2 (2K)                    [PROPOSED] PROTECTIVE ORDER

subpoena or order. Such notification must include a copy of the subpoena or court order.

  a. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue; and

  b. The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**INADVERTENT NONDESIGNATION OF PROTECTED INFORMATION**

19. If a designating party learns that, by inadvertence or otherwise, the designating party has disclosed, or any other person has disclosed, Protectable Information that the designating party intended to designate as Protected Information but did not designate as Protected Information before the same was disclosed, the designating party must immediately notify counsel to all Parties in writing of its intention to designate the Protected Information. If possible, the receiving party shall then return such materials and not retain copies thereof. If possible, the party who failed to designate shall thereafter promptly provide the receiving party's counsel substitute copies of such materials designated as "Confidential" or "Attorney's Eyes Only" in accordance with this order. The

receiving party's counsel shall make reasonable efforts to retrieve the materials promptly from persons not entitled to receive such Protected Information as provided herein and to limit any further disclosure to unauthorized persons. Any correspondence, summaries or notes prepared by the receiving party relating to such materials shall thereafter be treated as "Confidential" or "Attorney's Eyes Only", as the case may be.

**UNAUTHORIZED DISCLOSURE OF PROTECTED INFORMATION**

20. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order, and (d) request such person or persons to execute the acknowledgment attached hereto as exhibit a.

**FILING OF PROTECTED INFORMATION**

21. If any Protected Information is included in any papers filed with the court, including any portion of a deposition transcript designated as "Confidential" or "Attorneys' Eyes Only", an application to file such papers, or confidential portion thereof, under seal, shall be filed before or concurrently with the filing of such papers. The application must show good cause for the under seal filing of the Protected Information and shall be submitted to the court in compliance with the procedures set forth in federal rules of civil procedure, rule 5.2(d) - (f) and central district local rule 79-5.1. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application to file the Protected Information under seal, the papers or portions thereof shall be subject to the sealing application and shall be lodged under seal.

**RETURN OF PROTECTED INFORMATION**

22. ~~This order shall survive the final termination of this action, to the extent that the Protected Information is not or does not become known to the public.~~ Upon termination of this case, counsel for the Parties shall assemble and return to each other all documents, materials and deposition transcripts designated as "Confidential" or "attorneys' eyes only," or shall certify the destruction thereof. Provided that, outside counsel may keep one complete set of the Protected Information for their records. Materials in the custody of the court and court personnel are excepted from this paragraph.

**SCOPE OF DISCOVERY**

23. This order does not entitle any party to receive in discovery any information which is beyond statutory or case law or beyond the applicable rules of arbitration. Nothing herein shall impose any restriction on the use, retention or disclosure by a party of documents or information lawfully obtained by such party independently of discovery proceedings herein, if such information is lawfully obtained from a third party having the right to disclose such information.

**RESOLUTION OF DISPUTES**

24. A party shall not be obligated to challenge the propriety of a "Confidential" or "Attorneys' Eyes Only" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the material as Protected Information. The Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the court or arbitrator, by identifying the documents or other material in question and showing that a legitimate dispute exists by stating a good-faith reason, consistent with the purposes of this order, for desiring to disclose or use said material in a way not permitted by

- 14 -

1 or produced during discovery in this action and are designated as containing
2 Protected Information. By way of example, if a party receives in discovery a
3 document which is designated as "Confidential" or "attorneys' eyes only," and,
4 independent of this action, the receiving party had the original or a copy of the
5 same document that was not so designated, then the receiving party would be bound
6 by this stipulation with respect to the copy designated as "Confidential" or
7 "attorneys' eyes only," but not with respect to the copy which was obtained
8 independent of this action.

9     29. ~~The terms and conditions of this Stipulated Protective Order shall
10 remain in full force and effect and shall survive even~~ after the final resolution of the
11 ~~action unless terminated or modified by written stipulation of the Parties, or by
12 order of the court~~. The terms of this Stipulated Protective Order shall not govern
13 the trial of this case, which shall be conducted as ordered by the court. Protection
14 sought by any party at trial shall be sought independently of this Stipulated
15 Protective Order. Once a case proceeds to trial, all of the testimony, documents and
16 evidence ~~therein admitted~~ that was designated as confidential and/or kept and maintained pursuant to the terms of this Stipulated Protective Order presumptively becomes available to all members of the
17 public, including the press, unless good cause is shown to the district court judge in
18 advance of the trial to proceed otherwise.

19     30. This Stipulated Protective Order shall bind the Parties from the date of
20 execution hereof, prior to and in the absence of entry of a protective order by the
21 court. This Stipulated Protective Order may be amended or modified by written
22 stipulation of the Parties or by order of the court.

LOS ANGELES 947720 v2 (2K)      [PROPOSED] PROTECTIVE ORDER

## PURPOSE OF ORDER

31.  This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this Action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of the Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or the absence thereof.

The Court having considered the Stipulated Protective Order entered into between the Parties, and for good cause appearing therefore:

IT IS HEREBY ORDERED, that for good cause appearing, the Order on the Stipulated Protective Order is hereby granted.

DATED: 7-9-12

Honorable ~~George H. Wu~~ Fernando M. Olguin
United States District Judge

# EXHIBIT A

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges: that he/she has read the Protective Order which was entered by the Court on _____, 2012 in connection with <u>Guru Denim, Inc. v. ARE Inc.</u>, U.S.D.C., Case No CV11-06783 GW (FMOx); that he/she is one of the persons contemplated in Paragraphs 14(b), 14(d), 16(b), 16(c) and 20, thereof as authorized to receive disclosure or information designated as "Confidential" and/or "Attorneys' Eyes' Only" by any of the Parties or by third parties; and that he/she fully understands and agrees to abide by the obligations of the Protective Order.

Executed this _____ day of _____, 201__ at _____.

By: _____

Name: _____

Employer/Affiliation and Position: _____

Business Address and Telephone Number: _____

Home Address and Telephone Number: _____